#### IN THE UNITED STATES DISTRICT COURT
#### DISTRICT OF SOUTH CAROLINA
#### FLORENCE DIVISION

| | |
|---|---|
| Jerry King and Virginia King, ) | Civil Action No. 4:20-cv-03806-RMG |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| The Travelers Home and Marine Insurance ) | |
| Company, and Brian Theriault, ) | |
| ) | |
| Defendants. ) | |

Before the Court is The Travelers Home and Marine Insurance Company and Brian Theriault's ("Defendants") motion to compel the testimony of Jerry King and Virginia King ("Plaintiffs"), and for sanctions. (Dkt. No. 32). For the reasons stated below, the motion is granted in part, denied in part.

**I.   Background**

Defendants deposed Plaintiffs on November 19, 2021, seeking information about the instant case, including the opinions and conversations between Plaintiffs and their former attorneys Gedney Howe III, Esq. and Alvin J. Hammer, Esq., from an underlying personal injury action between Plaintiffs and Larry Grainger, a Travelers insured. (Dkt. Nos. 32; 32-2; 32-3). In the instant action, Plaintiffs proceed as the assignees of Mr. Grainger's claims against Travelers and Brian Theriault for the handling of Mr. Grainger's claim in the underlying personal injury action. Plaintiffs now pursue, *inter alia*, bad faith claims against Defendants.

On December 17, 2021, Defendants filed the instant motion to compel and for sanctions. (*Id.*). Defendants contend that Plaintiffs did not answer over fifty questions during their

1

depositions at the advice of counsel by asserting attorney-client privilege between themselves, Mr. Howe, and Mr. Hammer. (*Id.*).[1] Specifically, Defendants seek to compel Plaintiffs' testimony regarding (1) their conversations with Mr. Howe and/or Mr. Hammer; (2) facts told to or received from Mr. Howe and/or Mr. Hammer related to Plaintiffs' continued prosecution of the underlying personal injury lawsuit against Mr. Grainger. (*Id.* at 3). Defendants contend that Plaintiffs' counsel failed to comply with Local Civil Rule 30.04(C) requiring deponents that refuse to answer questions to move for a protective order within seven days of the suspension or termination of the deposition. To date, Plaintiffs have not filed a motion for protective order.

Plaintiffs' response to Defendants' motion to compel was due on January 4, 2022. Plaintiffs did not file a response. On January 6, 2022, the Court entered a text order instructing Defendants to file a status report informing the Court as to whether the motion to compel is moot or whether Defendants still seek the relief sought in the motion. (Dkt. No. 35). On January 7, 2022, Defendants filed a status report indicating the request for relief remains unchanged. (Dkt. No. 36). To date, Plaintiffs have not filed a response in opposition to the motion to compel. Defendants' motion is ready for ruling.

**II.     Legal Standard**

Rule 30 of the Federal Rules of Civil Procedure governs depositions by oral examination. Rule 30(c)(2) provides that an objection at the time of the examination must be stated concisely in

---

[1] Mr. Howe and Mr. Hammer previously filed a motion for protective order that involves the assertion of attorney-client privilege. (Dkt. No. 25). Defendant Travelers issued subpoenas *duces tecum* for Mr. Howe and Mr. Hammer to appear for a deposition on November 16, 2021. (Dkt. No. 25-2). Mr. Howe and Mr. Hammer sought to quash the subpoenas on the ground they sought information protected by attorney-client privilege between Plaintiffs. (Dkt. No. 25). The Court entered an Order on January 10, 2022 denying the motion for protective order and finding that Plaintiffs waived attorney-client privilege between themselves, Mr. Howe, and Mr. Hammer both impliedly and expressly on a variety of topics relating to the underlying personal injury action and the advice Mr. Howe and Mr. Hammer gave to Plaintiffs. (Dkt. No. 37 at 10-11).

a non-argumentative and non-suggestive manner. "A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." FED. R. CIV. P. 30(c)(2).

Moreover, South Carolina Local Civil Rule 30.04(C) provides that when counsel directs a witness not to answer a question on permissible grounds such as the answer is protected by a privilege, counsel shall move the court for a protective order under Local Civil Rule 26(c) or 30(d)(3) within seven (7) days of the termination of the deposition. Failure to timely file such a motion constitutes a waiver of the objection and "the deposition may be reconvened." LOCAL CIV. R. 30.04(C) DSC; *see also* FED. R. CIV. P. 30(c)(2).

### III. Discussion

#### A. Motion to Compel

The Court has reviewed fifty- seven pages of Plaintiffs' deposition transcripts. (Dkt. Nos. 32-2; 32-3). Plaintiffs' counsel objected to dozens of questions on the ground the questions sought information protected by attorney-client privilege and Plaintiffs declined to answer the questions. The Court will list a few examples of the questions Plaintiffs declined to answer:

- ". . . did you ever have discussions with [Mr. Howe or Mr. Hammer] or learn from them that back in the summer of 2015, Travelers had offered to pay the entirety of their limits of the 500,000, . . . in exchange for releasing Mr. Grainger?" (Dkt. No. 32-2 at 4).

- "Did you have discussions around [July 29, 2015] or before this letter with either [Mr. Howe or Mr. Hammer] about your desire to go after the personal assets of Mr. Grainger?" (Dkt. No. 32-2 at 7-8).

- "Do you remember learning from any source that Travelers had made a conditional settlement offer to you and your wife, whereby they agreed to pay you the remaining money available under the single limit policy of 500,000?" (Dkt. No. 32-2 at 9).

- "Did Mr. Howe recommend to you to reject the terms of the conditional settlement offer?" (Dkt. No. 32-2 at 10).

- "Do you recall having conversations with Mr. Howe . . . that if you accepted the conditional settlement offer, you would not be able to pursue Mr. Grainger as an individual?" (Dkt. No. 32-2 at 11).

- "This September 17, 2015 letter by your attorney . . . It says . . . this process would involve our not pursuing Mr. Grainger as an individual. What do you recall discussing either with Mr. Howe or Mr. Hammer about that sentence?" (Dkt. No. 32-2 at 12).

- " . . . Travelers again offered to pay the remaining limits, the undisputed amount that was due under the Travelers policy in exchange for signing a release of Mr. Grainger; did you know . . . that occurred? (Dkt. No. 32-2 at 17).

- "Did [Mr. Howe] ever relay to you that another offer had been made by Travelers back in . . . 2016 . . . to pay money in exchange for a release?" (Dkt. No. 32-2 at 18).

The record does not show that Plaintiffs' counsel moved for a protective order within seven days of November 19, 2021 as required by Local Civil Rule 30.04(C). To date, Plaintiffs' counsel has not moved for a protective order. Therefore, the objections raised during Plaintiffs' deposition have been waived. The discovery deadline has not passed, and Defendants have timely moved for a motion to compel Plaintiffs' testimony. LOCAL CIV. R. 37.01; (Dkt. Nos. 20; 34). Defendants may reopen the deposition as to Plaintiffs. *Motsinger v. Nationwide Mut. Ins. Co.*, Civil Action No. 4:11-cv-01734-JMC, 2013 U.S. Dist. LEXIS 71516, at * 6 (D.S.C. May 21, 2013).

Further, on January 10, 2022, the Court ruled on a separate discovery motion filed by Mr. Howe and Mr. Hammer, that Plaintiffs impliedly waived attorney-client privilege between themselves, Mr. Howe, and Mr. Hammer related to offers to settle the underlying personal injury lawsuit including Travelers' Conditional Settlement Offer, Plaintiffs' intention to settle for the policy limits, Plaintiffs' intentions to pursue Mr. Grainger individually, and Mr. Howe and Mr. Hammer's advice to Plaintiffs as to these items. (Dkt. No. 37 at 10). The Court found that Plaintiffs expressly waived privilege as to as to all communications between themselves, Mr. Howe, and Mr. Hammer related to topics in letters that contained information that would be

4

protected by attorney-client privilege that were voluntarily disclosed to Defendants. (*Id.* at 10-11) (citing Nos. 29-9, 29-6, 29-7, 29-10, 29-11).

The Court grants Defendants' motion to compel the testimony of Plaintiffs.

### B. Motion for Attorney's Fees

Rule 37(a)(5)(A) of the Federal Rules of Civil procedure provides,

> "If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> 
> (i) The movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) The opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) Other circumstances make an award of expenses unjust."

FED. R. CIV. P. 37(a)(5).

As the Court grants Defendants' motion to compel the testimony of Plaintiffs, the rule requires the Court to award reasonable expenses including attorney's fees unless one of the rule's three exceptions applies. The Court therefore must address the issue of an award of fees and expenses. Defendants' motion does not include a certification that counsel attempted in good faith to obtain the disclosure or discovery without court action and Defendants have not attached any documentation indicating such. FED. R. CIV. P. 37(a)(1). Therefore, the Court finds the first exception applies and that an award of expenses is not appropriate in this instance.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS IN PART**, **DENIES IN PART**, Defendants' motion to compel and for sanctions. (Dkt. No. 32). Defendants' motion to compel Plaintiffs' testimony is **GRANTED**. (*Id.*). Plaintiffs are instructed to make themselves available

for Defendants to re-depose them on or before January 24, 2022.  Defendants' request for sanctions is **DENIED**.

    **AND IT IS SO ORDERED**.

                                                           s/ Richard M. Gergel
                                                           Richard M. Gergel
                                                           United States District Judge

January 14, 2022
Charleston, South Carolina